# STATE OF MICHIGAN

# COURT OF APPEALS

In re ADAMS, Minors.

UNPUBLISHED
September 17, 2015

No. 327080
Isabella Circuit Court
Family Division
LC No. 15-000008-NA

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Respondent appeals by right an order terminating his parental rights to his two children under MCL 712A.19b(3)(b)(*i*) (parent sexually abused child) and (k)(*ii*) (attempted penetration of a child or a sibling). Respondent pleaded no contest in the trial court to allegations of sexual abuse relative to his five-year-old daughter, and evidence of the sexual abuse was also presented at the dispositional hearing.[1] Respondent does not challenge the statutory basis for termination of his parental rights, but only contends that the trial court clearly erred in finding that termination of his rights was in the best interests of the children. We affirm.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). A decision is clearly erroneous if, despite some evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

---

[1] Although not in regard to either of the two children, we note that defendant is currently in prison after having been convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13 years of age), with respect to another victim.

Sufficient evidence existed here to support the trial court's conclusion that termination of respondent's parental rights to both children was, individually and collectively, in their best interests, even when considering the current placement of the children with their mother. See *Olive/Metts*, 297 Mich App at 42-44. Respondent sexually abused his young daughter; not much more needs to be said. A therapist testified that respondent's daughter no longer identified respondent as being a member of her family because of the abuse and that reintroducing respondent could once again traumatize her. Further, problems that the daughter had with speech and eating had significantly decreased since respondent was removed from her life, and she has blossomed thereafter. Respondent's argument that, despite the sexual abuse, "a close and healthy bond remains intact," defies logic and the expert testimony, ignoring the damage caused to a child by sexual abuse. The trial court properly concluded that a continuing relationship would not be healthy for the child. Respondent argues that "[w]hether or not . . . [he] would continue to abuse . . . [his daughter] cannot be known with certainty." This is exactly why it is in the child's best interests to terminate respondent's parental rights. The trial court did not clearly err in its best-interests determination with respect to respondent's daughter.

Regarding respondent's son, both a therapist and the boy's mother testified that if respondent retained parental rights it would have a negative impact on the family dynamic and would cause stress, uncertainty, and fear of future harm. Further, there was testimony that strain, confusion, and jealousy could arise in the siblings' relationship with each other should respondent's parental rights remain in place as to his son. The evidence clearly showed that termination was in the best interests of both children, and there was no error in the trial court's determination.

Affirmed.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey